UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MAX DARBOUZE,<br><br>              Plaintiff,<br><br>      v.<br><br>DR. SPENCER, et al.,<br><br>              Defendants. | No. 2:23-cv-1419 KJN P<br><br>ORDER SEVERING CLAIMS AGAINST DEFENDANT DR. HLA, AND ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE FOR EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS DR. SPENCER AND DR. KIM, AND DIRECTING SERVICE |

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that while housed at High Desert State Prison ("HDSP"), in 2019, his Eighth Amendment rights were violated by Dr. Spencer's refusal to change plaintiff's medication for his serious mental health needs including severe depression and chronic insomnia, despite plaintiff informing Dr. Spencer on multiple occasions that the prescribed medications were not working, and such refusal made plaintiff's symptoms worse. Dr. Spencer diagnosed plaintiff as suffering from polysubstance personality dependence, adjustment disorder with anxiety and disturbance of mood, with anti-social personality disorder. Dr. Spencer allegedly informed plaintiff that he could "target his own symptoms of depression" by establishing and maintaining a level of participation in assigned and prescribed programming to improve [plaintiff's] insight into [his] numerous mental health difficulties." (ECF No. 1 at 9.) Plaintiff claims he repeatedly informed Dr. Spencer that plaintiff was "completely [in]capacitated due to severe depression, suicidal ideations, lack of sleep and lack of appetite." (Id.)

While at HDSP, on September 15, 2020, plaintiff reported he was suffering from left arm and shoulder pain. Plaintiff's primary care physician, Dr. Kim, refused to provide alternative pain medication when plaintiff reported that the Tylenol and Naproxen failed to treat plaintiff's chronic and severe shoulder pain, and refused to prescribe Lyrica. In early 2021, plaintiff informed Dr. Kim that plaintiff's chronic and severe pain was now in both shoulders, and he was having difficulty breathing at night due to the pain, his asthma, and his inability to sleep due to his severe episodes of depression, and plaintiff requested a CPAP to assist him at night, which was denied. Plaintiff also informed Dr. Kim that in 2011 he suffered a serious head injury as well as injury to his torso from a motor vehicle accident. Plaintiff requested a CT scan of his brain due to his headaches and increased depression and other mental health issues which were worsening.

1  But Dr. Kim refused to schedule plaintiff for any additional tests or to see specialists trained in
2  head injuries.
3       Plaintiff was subsequently transferred to Mule Creek State Prison ("MCSP") where his
4  primary care physician, Dr. Nyo Hla, failed to treat plaintiff's severe abdominal pain and refused
5  to provide plaintiff a CPAP machine for his breathing issues, which also put plaintiff's safety at
6  risk due to threats from his cellmates.
7       Plaintiff seeks, inter alia, money damages.
8  Discussion
9       The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A
10 screening, finds that it states potentially cognizable Eighth Amendment claims against defendants
11 Dr. Spencer and Dr. Kim at HDSP.  See 28 U.S.C. § 1915A.
12      However, the court finds that plaintiff's claims as to Dr. Hla are not related to the claims
13 against Dr. Spencer or Dr. Kim, the challenged medical care by Dr. Hla took place at a different
14 prison and thus should proceed in a separate action.  Therefore, plaintiff's Eighth Amendment
15 claims against defendant Dr. Hla are severed from this action, and Dr. Hla is dismissed from this
16 action.  The Clerk of the Court is directed to assign a new case number to plaintiff's Eighth
17 Amendment claims against defendant Dr. Hla, and the filings from this case (No. 2:23cv1419
18 KJN P) shall be included on the docket in the newly opened civil case.  The filing fee for the new
19 civil case is waived in accordance with Rule 21 of the Federal Rules of Civil Procedure.  Cortinas
20 v. Colvin, 2024 WL 115766, *1 (E.D. Cal. Jan. 10, 2024).
21 Claims Proceeding in 2:23-cv-1419 KJN P
22      The Court orders that this case proceed on plaintiff's complaint (ECF No. 1) against
23 defendant Dr. Spencer and Dr. Kim for alleged violations of plaintiff's Eighth Amendment rights.
24 The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment
25 claims against defendants Dr. Spencer and Dr. Kim.  See 28 U.S.C. § 1915A.
26      Accordingly, IT IS HEREBY ORDERED that:
27    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
28    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's Eighth Amendment claims against defendant Hla are severed from this action, and Dr. Hla is terminated from this action.

4. The Clerk of the Court is directed to:

(a) assign a new case number to plaintiff's Eighth Amendment claims against defendant Dr. Hla;

(b) assign the same magistrate judge to the new action in the interest of judicial economy, and make appropriate adjustment in the assignment of civil cases to compensate for this direct assignment;

(c) the filings from this case (No. 2:23-cv-1419 KJN P) shall be included on the docket in the newly opened civil case;

(d) the filing fee for the new civil case is waived in accordance with Rule 21 of the Federal Rules of Civil Procedure; and

(e) update the docket in No. 2:23-cv-1419 KJN P to reflect that defendant Dr. Hla has been terminated as a named defendant in this action.

5. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened and found service of the complaint appropriate. If either defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

6. Service shall be initiated on the following defendants: **Dr. Spencer, psychiatrist, and Dr. Kim, both employed at High Desert State Prison.**

7. Service on the parties in this case shall proceed under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. The purpose of the program is to get the complaint served on defendants faster so that they respond to the complaint sooner. "E-Service" means that instead of having plaintiffs fill out service paperwork for the United

States Marshal to mail to the defendants or through personal service, the Court will provide paperwork regarding the defendants electronically to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office, each of which has agreed to participate in this program.  If those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service.  However, to the extent that these individuals are unable to effectuate service of process, the Court may make further orders requiring the plaintiff to assist in providing additional information in order to effectuate service.  Plaintiff need not attempt service on the defendants and need not request waiver of service.

8. In accordance with the pilot program, the Clerk of the Court is directed to serve this order via email on the CDCR, along with a summons, the operative complaint, and copies of the form Consent to Proceed Before a United States Magistrate Judge.  No later than 40 days after service of this order, CDCR shall file with the Court the "CDCR Notice of E-Service Waiver" advising the Court which defendant(s) in this order will be waiving service of process without the need for personal service by the United States Marshal.  CDCR shall also notify the Court whether any defendant(s) decline to waive service or could not be reached.  The CDCR's Notice of Waiver shall also be served on the California Attorney General's Office and the United States Marshal.

9. Within 30 days after the filing of CDCR's Notice of E-Service Waiver, the California Attorney General's Office shall file a waiver of service of process for any defendant who is waiving service of process consistent with Fed. R. Civ. P. 4(d)(1).  A defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent – or until 90 days after it was filed to any defendant outside any judicial district of the United States.  For any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent.  If relief from this order is necessary, the Attorney General may seek relief by way of special appearance.  Any special appearance shall not be construed as personal appearance on behalf of any defendant and does not waive service of any defects in service, unless and until a waiver of service or responsive pleading is filed.

10. Upon filing the Notice of Waiver, the Clerk of Court shall provide a copy to the United States Marshal of the operative complaint, the summons and this Order, for any defendant who has not waived service according to the CDCR Notice of E-Service Waiver. Upon receipt of those documents, the United States Marshal shall serve process of the complaint, summons, and this Order upon each defendant who has not waived service pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). The United States Marshal may command all necessary assistance from the Office of Legal Affairs for CDCR and may seek the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying and/or locating defendants. If any confidential information is provided by a third party to effectuate service, including CDCR, the United States Marshal shall maintain the confidentiality of all information provided to them.

11. Within 10 days after personal service is effected, the United States Marshal shall file the return of service, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2). The United States Marshal shall file the returned waivers of service, or the requests for waiver of service if returned as undelivered, once received.

12. If a defendant subsequently waives service, the defendant is required to return the signed waivers to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waivers may subject the defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

Dated: February 2, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/darb1419.sev.1eService