UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MAX DARBOUZE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. NYO HLA,<br><br>    Defendant. | No.  2:23-cv-3055 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is defendant Hla's motion for summary judgment and plaintiff's motion to file an amended complaint.  (ECF Nos. 19, 26.)  For the following reasons, defendant Hla's motion for summary judgment is vacated and plaintiff's motion to file an amended complaint is granted.

**II.  BACKGROUND**

    On February 9, 2024, the Court ordered service of plaintiff's original complaint on defendant Hla as to plaintiff's claims alleging violation of plaintiff's Eighth Amendment right to adequate medical care based on defendant Hla's alleged failure to treat plaintiff's abdominal pain and defendant Hla's alleged denial of plaintiff's requests for a CPAP machine and single cell

1

status.  (ECF No. 5.)  On June 5, 2024, this Court issued the Discovery and Scheduling Order setting the discovery deadline for September 27, 2024 and the dispositive motion deadline for December 20, 2024.  (ECF No. 18.)

On September 24, 2024, defendant Hla filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies.  (ECF No. 19.)  On November 4, 2024, this Court granted plaintiff a thirty-day extension of time to file an opposition to defendant Hla's summary judgment motion.  (ECF 25.)  Plaintiff did not file an opposition to defendant Hla's summary judgment motion.  Instead, on December 2, 2024, plaintiff filed a motion to file an amended complaint and a proposed amended complaint.  (ECF Nos. 26, 27.)  In the motion to amend, plaintiff states that he seeks leave to amend his complaint to add Dr. Malet as a defendant and to remove defendant Hla as a defendant.  (ECF No. 26 at 1.)  Plaintiff alleges that he inadvertently named defendant Hla as a defendant and recently discovered that defendant Malet is the correct defendant.  (Id. at 2.)  Defendant Hla did not oppose plaintiff's motion to amend, and instead filed a request to screen plaintiff's amended complaint.  (ECF No. 28.)

This Court construes plaintiff's motion to amend to contain a request for voluntary dismissal of defendant Hla.  Good cause appearing, plaintiff's request to dismiss defendant Hla is granted and defendant Hla is dismissed.  See Fed. R. Civ. P. 41.  Accordingly, defendant Hla's motion for summary judgment is vacated.

**III. PLAINTIFF'S MOTION TO AMEND**

**A. Plaintiff's Amended Complaint**

The only named defendant in plaintiff's amended complaint is Dr. Malet.  (ECF No. 27 at 7.)  Plaintiff alleges that defendant Malet provided inadequate medical care in violation of the Eighth Amendment by 1) failing to timely renew plaintiff's prescription for Linzess to treat plaintiff's chronic and painful constipation; 2) failing to treat the cyst on plaintiff's liver, including prescribing pain medication; and 3) failing to prescribe a CPAP machine for plaintiff and/or to grant plaintiff single cell status.  (Id. at 8-15.)

**B. Legal Standard for Amending Complaint**

As discussed below, plaintiff's motion to amend is analyzed under both Federal Rules of

Civil Procedure 15 and 16(b) because plaintiff filed the motion to amend after the scheduling order was filed.

A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b) and, second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). To determine if good cause exists under Rule 16, courts generally consider the diligence of the party seeking the modification. See id. at 609; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609 (citation omitted). If the moving party fails to show diligence, "'the inquiry should end.'" Coleman, 232 F.3d at 1295 (quoting Johnson, 975 F.2d at 609). If, however, "the moving party establishes good cause to modify the scheduling order, it must then demonstrate that its motion is also proper under Rule 15." Calvary Chapel San Jose v. Cody, 2021 WL 4427384, *1 (N.D. Cal. Sept. 27, 2021) (internal quotations and citation omitted).

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted). The court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Allen v. City of Beverly Hills, 911 F.3d 367, 373 (9th Cir. 1990).

**C. Analysis Under Federal Rule of Civil Procedure 16(b)**

In the motion to amend, plaintiff claims that he inadvertently named defendant Hla as a defendant because plaintiff was informed by prison staff that defendant Hla was plaintiff's

3

primary care provider during the events alleged in the complaint (ECF No. 26 at 2.) In the motion to amend, plaintiff claims that during the discovery process and from recently obtained medical records, plaintiff discovered that defendant Malet was plaintiff's primary care provider who violated plaintiff's constitutional rights. (Id.) In the motion to amend, plaintiff claims that there was no delay in naming defendant Malet as the proper defendant because plaintiff just recently received information identifying defendant Malet as the proper defendant. (Id. at 3.)

This Court observes that in the original complaint, plaintiff identified defendant Hla as plaintiff's primary care provider. (ECF No. 1 at 8.) In the complaint, plaintiff claimed that defendant Hla failed to renew plaintiff's prescription for Linzess until he saw plaintiff for an appointment on February 22, 2021. (Id. at 18.) Plaintiff also claimed that on February 22, 2021, plaintiff informed defendant Hla about the cyst on plaintiff's liver and plaintiff's need for pain medication for the cyst on his liver. (Id.) Plaintiff also claimed that during the February 22, 2021 appointment, defendant Hla denied plaintiff's request for a CPAP machine. (Id. at 18-19.) In the answer, filed May 29, 2024, defendant Hla denied plaintiff's claims, including plaintiff's claim that defendant Hla was ever plaintiff's Primary Care Provider, as alleged in the complaint. (ECF No. 17 at 2.) Defendant Hla denied that he saw plaintiff for a medical appointment on February 22, 2022. (Id. at 2.) Defendant Hla denied that plaintiff was ever in defendant Hla's office. (Id.) Defendant Hla denied that plaintiff asked defendant Hla to prescribe a CPAP machine or to place plaintiff on single-cell status. (Id. at 3.)

Arguably, defendant Hla's denial of plaintiff's claims in the answer should have put plaintiff on notice that plaintiff named the wrong defendant. However, based on plaintiff's claims that prison staff informed plaintiff that defendant Hla was plaintiff's primary care provider and that plaintiff recently discovered that he named the wrong defendant, this Court finds that plaintiff shows good cause for his proposed amended complaint naming the proper defendant. See Thompson v. George DeLallo Co., Inc., 2013 WL 211204, *7 (E.D. Cal. Jan. 16, 2013) (finding that plaintiff demonstrated sufficient diligence in seeking to amend the complaint once he learned he had sued the wrong defendant); Johnson, 975 F.2d at 609 (motion to amend to name proper defendant denied where defendant's answer to complaint and response to interrogatories indicated

4

that plaintiff named the wrong defendant; in addition, defense counsel sent letter explicitly offering to stipulate to substitution of proper defendant; "[f]ailing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.").

### D. Analysis Under Federal Rule of Civil Procedure 15

#### 1. Undue Delay

As discussed above, in the motion to amend, plaintiff claims that prison staff informed plaintiff that defendant Hla was plaintiff's primary care provider. In the motion to amend, plaintiff claims that during the discovery process and from recently obtained medical records, plaintiff discovered that he named the wrong defendant. Based on plaintiff's claim that he recently discovered that he named the wrong defendant, this Court finds that plaintiff acted diligently in filing the motion to amend and proposed amended complaint. Plaintiff's claims against defendant Malet are essentially the same claims plaintiff made against defendant Hla in the original complaint. Because plaintiff did not act with undue delay, this factor weighs in favor of granting plaintiff's motion to amend.

#### 2. Futility

Plaintiff's proposed amended complaint states potentially colorable Eighth Amendment claims against defendant Malet based on defendant Malet's alleged failure to timely renew plaintiff's prescription for Linzess, failure to treat the cyst on plaintiff's liver and denial of plaintiff's request for a CPAP machine and/or single-cell status. Based on these potentially colorable claims, this Court finds that plaintiff's proposed amendments are not futile.

This Court also observes that in the amended complaint, plaintiff checked the box indicating that plaintiff exhausted administrative remedies as to his claims against defendant Malet. (ECF No. 27 at 3, 4.) This Court finds that plaintiff's amended complaint, on its face, demonstrates exhaustion of administrative remedies as to plaintiff's claims against defendant Malet. See Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (when it is clear from the face of the complaint that plaintiff failed to exhaust administrative remedies, dismissal is proper). The Court recognizes that in defendant Hla's summary judgment motion as to the original complaint,

defendant Hla submitted evidence that plaintiff failed to exhaust grievances. However, a complaint can only be dismissed if it is clear from the face of the complaint that plaintiff failed to exhaust administrative remedies, and because plaintiff's amended complaint indicates that he exhausted administrative remedies, it cannot be dismissed for failure to exhaust. See Albino, 747 F.3d at 1169. To the extent exhaustion of administrative remedies as to the claims in plaintiff's amended complaint is at issue, the parties can address it through motion practice.

### 3. Prejudice

This Court finds that the prejudice factor weighs in favor of granting plaintiff's motion to amend. Defendant Hla is not prejudiced by the proposed amended complaint because defendant Hla is not named as a defendant in this pleading and defendant Hla did not file an opposition to plaintiff's motion to amend, and instead requested screening of the amended complaint.

### 4. Bad Faith

Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999). This Court finds that plaintiff did not file the motion to amend and proposed amended complaint in bad faith.

### 5. Previous Amendments

Plaintiff has not previously amended his complaint. For this reason, this Court finds that this factor weighs in favor of granting plaintiff's motion to amend.

### 6. Conclusion

This Court find that the factors discussed above all weigh in favor of granting plaintiff's motion to amend.

**E. Plaintiff's Motion to Amend is Granted**

For the reasons discussed above, this Court finds that plaintiff shows good cause to amend his complaint under Federal Rule of Civil Procedure 16 and that his motion to amend is proper under Federal Rule of Civil Procedure 15. Accordingly, plaintiff's motion to amend is granted.[1]

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." Morgal v. Maricopa Cty. Bd.

This Court separately orders service of defendant Malet as to the claims raised in plaintiff's amended complaint.  Going forward, the caption of this action will reflect that defendant Malet is the only defendant in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to voluntarily dismiss defendant Hla, made in plaintiff's motion to amend, is granted and defendant Hla is dismissed;

2. Defendant Hla's summary judgment motion (ECF No. 19) is vacated;

3. Defendant Hla's request for screening of the amended complaint (ECF No. 28) is granted;

4. Plaintiff's motion to amend (ECF No. 26) is granted; and

5. The Clerk of the Court is directed to amend court records to reflect that defendant Hla is dismissed and that Gregory Malet is the named defendant.

Dated:  January 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dar3055.ame(2)/2

---

of Sup'rs, 284 F.R.D. 452, 458 (D. Ariz. 2012).  A ruling on a motion for leave to amend would be considered dispositive if a party is denied the opportunity to assert a new claim or defense (e.g., when the ruling is with prejudice and there is no further opportunity to file another motion to amend).  See id.