UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MAX DARBOUZE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. GREG MALET,<br><br>　　　　Defendant. | No. 2:23-cv-3055 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court is defendant Malet's motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 41.) As discussed below, defendant's summary judgment motion addresses two of the three claims raised in the amended complaint. For this reason, this Court construes defendant's summary judgment motion as a motion for partial summary judgment. For the following reasons, this Court recommends that defendant's motion for partial summary judgment be granted.

**II. LEGAL STANDARDS FOR SUMMARY JUDGMENT**

　　Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

1

judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled on other grounds as stated in Flood v. Miller, 35 F. App'x 701, 703 n.3 (9th Cir. 2002).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's notes to 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). A verified complaint may be considered as evidence at the summary judgment stage "if it is based on personal knowledge and if it sets forth the requisite facts with specificity." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By notice filed on October 2, 2025, plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 41-1.)

## III. BACKGROUND

In the original complaint, plaintiff named Dr. Hla as the defendant. (ECF No. 1.) On February 9, 2024, the Court ordered service of defendant Hla. (ECF No. 5.) On December 2, 2024, plaintiff filed a motion to file an amended complaint and a proposed amended complaint. (ECF Nos. 26, 27.) In the motion to amend, plaintiff stated that he sought leave to amend his complaint to add defendant Dr. Malet as a defendant and to remove defendant Hla as a defendant. (ECF No. 26 at 1) Plaintiff claimed that he inadvertently named defendant Hla as a defendant and recently discovered that defendant Malet was the correct defendant. (Id. at 2.) In the amended complaint, plaintiff claimed that defendant Malet violated the Eighth Amendment by 1) failing to renew plaintiff's prescription for Linzess to treat plaintiff's chronic and painful constipation; 2) failing to treat the cyst on plaintiff's liver, including failing to prescribe pain medication; and 3) failing to prescribe a CPAP machine for plaintiff and/or to grant plaintiff single cell status. (ECF No. 27 at 8-15.)

In the orders filed January 13, 2025, granting plaintiff's motion to amend and directing service of defendant Malet, this Court identified plaintiff's Eighth Amendment claims against defendant Malet as 1) failing to renew plaintiff's prescription for Linzess to treat plaintiff's chronic and painful constipation; 2) failing to treat the cyst on plaintiff's liver, including prescribing pain medication; and 3) failing to prescribe a CPAP machine for plaintiff and/or to grant plaintiff single cell status. (ECF No. 29 at 2; ECF No. 30 at 1.)

## IV. LEGAL STANDARDS RE: EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A. Legal Standard re: Prison Litigation Reform Act

It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust available administrative remedies before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 638-39 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Bennett v.

King, 293 F.3d 1096, 1098 (9th Cir. 2002) (internal quotation marks omitted) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002) (exhaustion requirement applies to all prisoner suits relating to prison life).). "[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 568 F.3d 1024, 736, 741 (2001); Ross, 578 U.S. at 640, 642-43. An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

"Nonexhaustion" is an affirmative defense, and the defendant has the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1171-72 (9th Cir. 2014). A remedy is "available" where it is "capable of use; at hand." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1171). Grievance procedures that do not allow for all types of relief sought are still "available" as long as the procedures may afford "some relief." Booth, 532 U.S. at 738. If a defendant meets the initial burden, a plaintiff then must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. The Supreme Court identified three circumstances where administrative remedies are effectively unavailable:

> (1) when (despite what regulations or guidance materials may promise) it operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) if it is "so opaque that it becomes, practically speaking, incapable of use; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

Fordley v. Lizarraga, 18 F.4th 344, 351 (9th Cir. 2021) (internal quotation marks omitted) (citing Ross, 578 U.S. at 642-44). "[T]he ultimate burden of proof," remains with the defendants.

5

1  Albino, 747 F.3d at 1172-73.  Only "[i]f the undisputed evidence viewed in the light most
2  favorable to the prisoner shows a failure to exhaust, [is] a defendant is entitled to summary
3  judgment under Rule 56."  Id. at 1166.

### B. California's Inmate Appeal Process

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with the prison's procedures.  Woodford, 548 U.S. at 90.

During the applicable time, the California Department of Corrections and Rehabilitation's ("CDCR") health grievance process involved a two-step procedure for addressing an inmate's health care concerns.  See Cal. Code Regs. tit. 15, § 3999.225, et seq.  First, "[t]he grievant shall complete Section A of the CDCR 602 HC and submit to the HCGO [Health Care Grievance Office] where the grievant is housed within 30 calendar days of: (1) The action or decision being grieved, or; (2) Initial knowledge of the action or decision being grieved."  Cal. Code Regs. tit. 15, § 3999.227(b); see also id., § 3999.225(n) (defining HCGO).  "The grievant shall document clearly and coherently all information known and available to him or her regarding the issue ... includ[ing] any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement.  If the grievant does not have information to identify involved staff member(s), the grievant shall provide any other available information that may assist in processing the health care grievance."  Id., § 3999.227(g).

Second, "[i]f dissatisfied with the institutional level health care grievance disposition, the grievant may appeal the disposition ... to HCCAB [Health Care Correspondence and Appeals Branch] ... within 30 calendar days plus five calendar days for mailing ...."  Cal. Code Regs. tit. 15, § 3999.229(a); see also id., § 3999.225(l) (defining HCCAB).  "The headquarters' level review constitutes the final disposition on a health care grievance and exhausts administrative remedies ...."  Id., § 3999.230(h), see also id. § 3999.226(g) ("Health care grievances are subject to a headquarters' level disposition before administrative remedies are deemed exhausted pursuant to section 3999.230.  A health care grievance or health care grievance appeal rejection or

1 | withdrawal does not exhaust administrative remedies.") (emphasis added).

**V. DISCUSSION RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY**

    **A. Defendant's Argument**

Defendant's motion for partial summary judgment addresses only two of plaintiff's three Eighth Amendment claims, i.e., defendant allegedly failed to renew plaintiff's prescription for Linzess and allegedly failed to prescribe a CPAP machine and/or grant plaintiff single cell status. (ECF No. 41-2 at 2.) Accordingly, this Court considers only whether plaintiff exhausted administrative remedies as to the two Eighth Amendment claims addressed in defendant's motion for partial summary judgment. Defendant argues that plaintiff filed two grievances raising the two claims addressed in the motion for partial summary judgment. Defendant argues that these two grievances did not exhaust plaintiff's administrative remedies because these grievances failed to name defendant Malet and because plaintiff did not appeal these grievances to the final level of review, i.e., the headquarters' level of review.

In support of the summary judgment motion, defendant refers to the declaration of K. Martin, the Associate Director of HCCAB, which is the branch responsible for statewide oversight of health care grievances submitted by the incarcerated adult population. (ECF No. 41-4 at 1.) At the request of the Attorney General's Office, HCCAB conducted a review of the health care grievance records in the Health Care Appeals and Risk Tracking System ("HCARTS") database for plaintiff. (Id.) Attached to K. Martin's declaration as Exhibit A is a copy of the HCARTS grievance history printout for plaintiff. (Id.) Exhibit A reflects 13 health care grievances filed by plaintiff. (Id. at 6-17.) K. Martin states that the Attorney General's Office identified the following six health care grievances submitted by plaintiff that are potentially relevant to this action: MCSP HC 22000226, MCSP HC 22000495, MCSP HC 22001259, MCSP HC 23000527, MCSP HC 23000729 and MCSP HC 24000004.[1] (Id. at 2-3.)

---

[1] This Court reviewed plaintiff's HCARTS grievance history, including the description of the seven grievances deemed not relevant by the Attorney General's Office, i.e., grievances MCSP HC 25001623, MCSP HC 25001352, HDSP HC 21000450, HDSP HC 20000734, HDSP HC 20000011, HDSP HC 19000697 and HDSP HC 20001092. (ECF No. 41-4 at 7, 8, 13-17.) This Court agrees that these seven grievances are not relevant to the two claims addressed in the motion for partial summary judgment.

Defendant claims that four of the six grievances identified as potentially relevant are not actually relevant to plaintiff's claims addressed in the motion for partial summary judgment: MCSP HC 22001259, MCSP HC 23000527, MCSP HC 23000729 and MCSP HC 24000004. In MCSP HC 22001259, plaintiff claimed that defendant Malet denied plaintiff all medications. (Id. at 39.) In grievance MCSP HC 22001259, plaintiff made the following specific requests and complaints: 1) requested to see a neurologist; 2) complained of a swelling bump in his head and a headache; 3) complained that his right nipple was bigger and painful; 4) complained that he had bad arthritis in both shoulders, neck, back and knees; 5) complained of a colon infection, liver issue, hemorrhoids and a bad infection in both feet; 6) complained of no mental health counseling; and 7) claimed that defendant Malet denied plaintiff medications for his ulcer, including Prilosec, and that defendant Malet denied plaintiff wipes for hemorrhoids. (Id. at 39-40.) In grievance MCSP HC 23000527, plaintiff claimed that Dr. Hla denied plaintiff's request for shoulder surgery and failed to provide pain medication for shoulder pain. (Id. at 48.) In grievance MCSP HC 23000729, plaintiff requested reinstatement of Boost nutritional supplement. (Id. at 54.) In grievance MCSP HC 24000004, plaintiff complained that after contracting COVID-19, he had major medical issues such as a serious and untreatable colon infection. (Id. at 66.) In grievance MCSP HC 24000004, plaintiff complained that he now had diverticulitis and was not receiving the special diet that was requested by his primary care physician. (Id.) Plaintiff also claimed that during the past month he had bleeding in his mouth for which he received no medical attention. (Id.) In grievance MCSP HC 24000004, plaintiff also requested a compassionate release from prison. (Id.) This Court finds that grievances MCSP HC 22001259, MCSP HC 23000527, MCSP HC 23000729 and MCSP HC 24000004 did not raise the claims in this case: plaintiff's claims regarding defendant's alleged failure to renew plaintiff's prescription for Linzess and alleged failure to prescribe plaintiff a CPAP machine and/or single cell status.

Defendant argues that grievances MCSP HC 22000226 and MCSP HC 22000495 raise the

at-issue claims, but that plaintiff failed to name defendant Malet in these grievances and failed to exhaust these grievances to the headquarters' level. In grievance MCSP HC 22000226, plaintiff stated that he had been taking Linzess for bad constipation for over 2 years. (Id. at 21.) Plaintiff complained (in part) that his prescription for Linzess had not been refilled. (Id. at 21.) The institutional level response found no intervention was needed. (Id. at 19.) The grievance form submitted by defendant reflects that plaintiff did not appeal the institutional level response to the headquarters' level. (Id. at 22.) This grievance form also contains no notation reflecting that it was received for headquarters' level review. (Id.) Based on plaintiff's failure to name defendant Malet in the grievance and to appeal to the headquarters' level, defendant argues that grievance MCSP HC 22000226 did not exhaust plaintiff's claim regarding defendant's alleged failure to refill plaintiff's Linzess prescription.

In grievance MCSP HC 22000495, plaintiff claimed that his doctor denied his request for a breathing machine, i.e. CPAP machine, and single cell status. (Id. at 30.) The institutional level response found no intervention was needed. (Id. at 25.) The grievance form submitted by defendant reflects that plaintiff did not appeal the institutional level response to the headquarters' level. (Id. at 29.) This grievance form also contains no notation reflecting that it was received for headquarters' level review. (Id.) Based on plaintiff's failure to name defendant Malet in the grievance and to appeal to the headquarters' level, defendant argues that grievance MCSP HC 22000495 did not exhaust plaintiff's claim regarding defendant's alleged failure to prescribe plaintiff a CPAP machine and/or single cell status.

**B. Plaintiff's Opposition**

In his unverified opposition, plaintiff argues that he did exhaust administrative remedies. Plaintiff claims that on February 7, 2022 he filed grievance MCSP HC 22000226. (ECF No. 46 at 2.) Plaintiff claims that he sent grievance MCSP HC 22000226 to the institutional level and headquarters' level, but the headquarters' level failed to respond. (Id.) Plaintiff claims that he filed another emergency grievance, MCSP HC 22001259. (Id.) Plaintiff claims that the headquarters' level failed to respond to his headquarters' level appeal of grievance MCSP HC 22001259. (Id.) As discussed above, MCSP HC 22001259 did not raise plaintiff's claims

regarding defendant's alleged failure to refill plaintiff's Linzess prescription or defendant's alleged failure to prescribe plaintiff a CPAP machine and/or single cell status.

This Court next addresses plaintiff's exhibits. Attached to plaintiff's opposition are 503 pages of exhibits. (Id. at 5-508.) Plaintiff separately filed a packet of 403 pages of exhibits. (ECF No. 47.) Most of plaintiff's exhibits, many of which are medical records, are not relevant to the pending motion for partial summary judgment. (ECF No. 46 at 5-292, 294-384, 427-444, 454-479, 508; ECF No. 47 at 4-430.) This Court below addresses plaintiff's exhibits related to administrative exhaustion.

Plaintiff attaches a document titled Health Care Services Grievance History listing some of plaintiff's health care grievances. (ECF No. 46 at 292-93.) This documents lists grievances MCSP HC 24000004, MCSP HC 23000729, MCSP HC 23000527, MCSP HC 22001259 and MCSP HC 22000495. (Id.) Plaintiff also attaches copies of documents related to grievances MCSP HC 24000004 (id. at 385-96), MCSP HC 22001259 (id. at 399, 445-51), MCSP HC 23000729 (id. at 400-08), MCSP HC 23000527 (id. at 411-16), MCSP HC 22000226 (id. at 491-94), and MCSP HC 22000495 (id. at 497-503). As discussed above, only grievances MCSP HC 22000226 and MCSP HC 22000495 raise the claims addressed in the motion for partial summary judgment. This Court will discuss these two grievances attached to plaintiff's opposition further below.

Plaintiff also attaches to his opposition grievances not directly addressed in defendant's motion for partial summary judgment: MCSP HC 25001623 (id. at 419-24, 452-53), MCSP HC 25001352 (id. at 481-88), and grievance no. 0000000279765 (id. at 506-07). Grievance MCSP HC 25001623 concerns bleeding from plaintiff's head causing severe headache and tests for plaintiff's lungs and ear. (Id. at 419-24, 452-53.) Grievance MCSP HC 25001352 concerns the following claims: 1) Dr. Malota refused to treat a lump/cyst on plaintiff's head, 2) plaintiff suffers from lack of sleep, memory loss, severe headaches and low energy, and 3) plaintiff suffers post-traumatic stress disorder and anxiety. (Id. at 481-88.) Grievance no. 0000000279765 is not a healthcare grievance and appears to concern the temperature in plaintiff's cell. (Id. at 506-07.) This Court finds that grievances MCSP HC 25001623, MCSP HC 25001352 and grievance no.

1  0000000279765 are not relevant to the claims addressed in defendant's motion for partial
2  summary judgment.

3        This Court now discusses the exhibits submitted by plaintiff regarding grievances MCSP
4  HC 22000226 and MCSP HC 22000495. As discussed above, defendant argues, in part, that
5  grievance MCSP HC 22000226 did not exhaust plaintiff's claims because plaintiff did not pursue
6  this grievance to the headquarters' level of review. In the copy of grievance MCSP HC 22000226
7  submitted by defendant, the section of the grievance form for plaintiff to write his appeal to the
8  headquarters' level of review is blank. (ECF No. 41-4 at 22.) In contrast, in the copy of
9  grievance MCSP HC 22000226 submitted by plaintiff, the section of the form for plaintiff to
10 write his appeal to the headquarters' level of review is completed by plaintiff. (ECF No. 46 at
11 491.) Plaintiff's signature in this section of the form is dated April 18, 2022. (Id.) The
12 institutional level response is dated April 8, 2022. (Id. at 493.) Plaintiff's copy of grievance
13 MCSP HC 22000226 does not reflect that it was received for headquarters' level of review. (Id.
14 at 491.)

15       As discussed above, defendant argues, in part, that grievance MCSP HC 22000495 did not
16 exhaust plaintiff's claims because plaintiff did not pursue this grievance to the headquarters' level
17 of review. In the copy of grievance MCSP HC 22000495 submitted by defendant, the section of
18 the grievance form for plaintiff to write his appeal to the headquarters' level of review is blank.
19 (ECF No. 41-4 at 29.) In contrast, in the copy of MCSP HC 22000495 submitted by plaintiff, the
20 section of the grievance form for plaintiff to write his appeal to headquarters' level of review is
21 completed by plaintiff. (ECF No. 46 at 497.) Plaintiff's signature in this section of the form is
22 dated June 2, 2022. (Id.) The institutional level response is dated May 17, 2022. (Id. at 499.)
23 Plaintiff's copy of grievance MCSP HC 22000495 does not reflect that it was received for
24 headquarters' level of review. (Id. at 497.)

25     **C. Defendant's Reply**

26       In the reply, defendant first argues that plaintiff's opposition should be disregarded
27 because plaintiff failed to comply with Federal Rule of Civil Procedure 56(c) by failing to support
28 the factual assertions in the opposition with citations to particular parts of materials in the record.

1  (ECF No. 48 at 2.)  Defendant also argues that plaintiff failed to comply with Local Rule 230(b)
2  by failing to respond to defendant's statement of undisputed facts.  (Id.)  The Court is obligated to
3  liberally construe the pleadings of pro se litigants.  See Estelle v. Gamble, 429 U.S. 97, 106
4  (1976) (a document filed pro se is "to be liberally construed"); Haines v. Kerner, 404 U.S. 519,
5  520 (1972) (stating pro se pleadings are held to less stringent standards than those drafted by
6  lawyers); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Accordingly,
7  this Court considers plaintiff's opposition despite the deficiencies noted by defendant in the reply.

8      In the reply, defendant does not directly address the copies of grievances MCSP HC
9  22000495 and MCSP HC 22000226 attached to plaintiff's opposition with the sections of the
10 grievance forms for an appeal to headquarters' level of review filled out by plaintiff.  Addressing
11 plaintiff's assertion on the exhibit cover pages that plaintiff submitted his grievances to the
12 headquarters' level of review but received no response, defendant argues that plaintiff does not
13 address when and how plaintiff submitted his grievances to the headquarters' level of review.
14 (ECF No. 48 at 3-4.)  Defendant argues that plaintiff did not attach his outgoing mail records or
15 any other proof that he actually submitted his relevant grievances to the headquarters' level of
16 review.  (Id.)

17     **D. Discussion**

18     As discussed above, this Court finds that grievances MCSP HC 22000226 and MCSP HC
19 22000495 raise the claims addressed in defendant's motion for partial summary judgment.  This
20 Court first considers defendant's argument that plaintiff failed to submit these grievances to the
21 headquarters' level of review.

22     As discussed above, the grievance forms submitted by defendant for grievances MCSP
23 HC 22000495 and MCSP HC 22000226 reflect that plaintiff did not submit these grievances to
24 headquarters' level of review because the section of these grievances for headquarters' level of
25 review are not completed by plaintiff.  In addition, these grievance forms contain no notation
26 reflecting that they were received for headquarters' level review.  This Court also observes that in
27 their verified declaration, K. Martin states that there is no record that grievances MCSP HC
28 22000495 and MCSP HC 22000226 were received for headquarters' level review.  (ECF No. 41-

4 at 3.) Based on this evidence, this Court finds that defendant met his initial summary judgment burden of demonstrating that plaintiff failed to exhaust these grievances to the final level of review.

As discussed above, in his opposition, plaintiff claims that he submitted grievances MCSP HC 22000495 and MCSP HC 22000226 for headquarters' level of review but received no response. The Ninth Circuit has held that "[w]hen prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies" because prison officials have "thwart[ed] inmates from taking advantage of [the] grievance process, making that process unavailable." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017) (internal quotation marks and citations omitted). For the following reasons, this Court finds that plaintiff's evidence does not create a genuine dispute of material fact regarding whether plaintiff submitted grievances MCSP HC 22000495 and MCSP HC 22000226 for headquarters' level review.

In his unverified opposition, plaintiff claims that he sent grievance MCSP HC 22000226 to the headquarters' level: "On February 7, 2022, Mr. Darbouze filed an emergency grievance (22000226) while the prison was under lockdown due to Covid -19 pandemic. He sent copies to both Mule Creek State Prison and headquarters, however the headquarters failed to respond." (ECF No. 46 at 2.) While plaintiff claims that he submitted MCSP HC 22000226 for institutional level review on February 7, 2022, plaintiff's unverified statement fails to identify the date he allegedly mailed this grievance to HCCAB for headquarters' level review or describe any other relevant circumstances of his alleged submission of this grievance for headquarters' level review. Plaintiff also submits no evidence, such as mail logs, corroborating plaintiff's claim that he mailed grievance MCSP HC 22000226 to HCCAB for headquarters' level review. For these reasons, and assuming this Court could consider plaintiff's unverified statement that he sent grievance MCSP 22000226 to the headquarters' level,[2] this Court finds that plaintiff's unverified

---

[2] District courts in this Circuit take different approaches as to whether a district court may consider statements in an unverified complaint or an unsworn brief. See Wiseman v. Williams, 2024 WL 5458870, at *4 (C.D. Cal. Oct. 31, 2024).

1  statement does not create a genuine dispute regarding whether plaintiff mailed grievance MCSP
2  HC 22000226 to HCCAB for headquarters' level review.  See FTC v. Neovi, Inc., 604 F.3d 1150,
3  1159 (9th Cir. 2010) ("[A court] need not find a genuine issue of fact if, in its determination, the
4  particular declaration was uncorroborated and self-serving.").

5  In the opposition, plaintiff also submitted copies of grievances MCSP HC 22000495 and
6  MCSP HC 22000226 with the section of the forms for headquarters' level review completed by
7  plaintiff but containing no notation that these grievances were actually received by HCCAB for
8  headquarters' level review.  Plaintiff also failed to submit mail logs or other evidence
9  demonstrating that plaintiff actually mailed these grievances to HCCAB for headquarters' level
10 review.  This Court finds that plaintiff's copy of his grievances containing only his request for
11 headquarters' level review are not sufficient to create a genuine dispute of material fact regarding
12 whether plaintiff actually mailed these grievances to HCCAB for headquarters' level review.
13 (See ECF No. 46 at 491, 497 (containing instructions regarding where to mail headquarters' level
14 grievance).)  To find otherwise would mean that a prisoner who failed to mail a grievance to
15 HCCAB for headquarters' level review need only complete the section of the grievance form
16 requesting headquarters' level review *after the fact* to create a genuine dispute regarding whether
17 he mailed the grievance to HCCAB.  Accordingly, for the reasons discussed above, this Court
18 finds that defendant's motion for partial summary judgment should be granted on the grounds that
19 plaintiff failed to administratively exhaust the at-issue claims because plaintiff failed to submit
20 grievances MCSP HC 22000495 and MCSP HC 22000226 to HCCAB for headquarters' level
21 review.[3]

22 Because this Court finds that defendant should be granted partial summary judgment on
23 the grounds that plaintiff failed to submit grievances MCSP HC 22000495 and MCSP HC
24 22000226 to HCCAB for headquarters' level review, this Court need not address defendant's

---

[3] Had this Court found disputed material facts regarding whether plaintiff submitted grievances HC 22000495 and MCSP HC 22000226 to HCCAB for headquarters' level review, this Court may have ordered an evidentiary hearing.  See Howell v. Lidell, 2021 WL 392774, at *7 (E.D. Cal. Feb. 4, 2021) (evidentiary hearing is warranted when there is a material factual dispute concerning exhaustion of administrative remedies).

14

argument that plaintiff failed to exhaust administrative remedies by failing to name defendant Malet in these grievances.

## VI. REMAINING CLAIM

As discussed above, defendant's motion for partial summary judgment motion does not address plaintiff's Eighth Amendment claim based on defendant's alleged failure to treat the cyst on plaintiff's liver, including failing to prescribe pain medication. On October 16, 2025, this Court vacated the discovery and pretrial motion deadline based on the filing of defendant's summary judgment motion on administrative exhaustion grounds. (ECF No. 43.) This Court ordered that if defendant's summary judgment motion was denied, the Court would set a deadline for defendant to file a motion to reopen discovery and the Court would also reset the pretrial motion deadline. (Id.) Following the district court's adoption of these findings and recommendations, this Court will set the deadline for defendant to file a motion to reopen discovery as to plaintiff's Eighth Amendment claim based on defendant's alleged failure to treat the cyst on plaintiff's liver, including failing to prescribe pain medication. This Court will also reset the pretrial motion deadline for this remaining claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendant's motion for partial summary judgment (ECF No. 41) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

///

///

1 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 | Dated:  December 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8 | Darb3055.sj(2)/2